This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          NO.   32,099

**MARTY D. BENALLY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Marty Benally (Defendant) appeals his conviction for driving under the influence of intoxicating liquor (DWI) in violation of NMSA 1978, Section 66-8-102(C)(1) (2010). On May 22, 2012, this Court filed a notice of proposed summary disposition proposing to affirm. Defendant filed a memorandum in opposition to proposed summary affirmance, which we have given due consideration. We affirm Defendant's conviction.

Defendant argues that the district court erred when it denied his motion to suppress evidence. He asserts that the stop of his vehicle was based solely on an uncorroborated anonymous tip that did not provide the police officer with reasonable suspicion that a crime was occurring. [DS 3]

Our calendar notice proposed to conclude that the present facts are not meaningfully distinguishable from those in *State v. Contreras*, 2003-NMCA-129, 134 N.M. 503, 79 P.3d 1111. In that case, we reversed the grant of the defendant's motion to suppress, finding the investigatory stop reasonable in the totality of the circumstances. We noted that the anonymous tip leading to the stop contained enough detailed information to ensure that the correct vehicle was stopped, that the tip was from a citizen informant who had nothing to gain from providing the tip —unlike a police informant or a crime-stopper caller—and was thus inherently more reliable, and that there were exigent circumstances in the form of a moving vehicle driven by an

intoxicated person presenting an imminent danger to the public. *Id.* ¶¶ 9-15. All of these factors are present in Defendant's case. The caller described a fairly common type of vehicle—a white van—but included the details of tinted windows and "nice rims." Officers located it about five blocks from the specified location, apparently shortly after receiving the call. Based on the caller's description of Defendant's apparently impaired condition, the officers could assume that stopping the vehicle was urgent. We conclude that, as in *Contreras*, the officers in Defendant's case had reasonable suspicion based on the totality of circumstances to suspect that a crime had been committed and to conduct an investigatory stop.

For the reasons stated above and in our notice of proposed summary disposition, we affirm the denial of Defendant's motion to suppress evidence.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**